KENNARD, J., Concurring
The majority construes the terms of the immunity granted to prosecution witness Armond Jack as pertaining only to perjured testimony he had given at the preliminary hearing of codefendant Robinson, and not pertaining to any perjurious statements while testifying at defendant’s trial in this case. In my view, the grant of immunity was not so limited, as I explain.
At the guilt phase of defendant’s capital trial, the prosecution called Armond Jack as a witness. During cross-examination, Jack admitted he had lied under oath at the preliminary hearing of codefendant Robinson. At that point, the trial court and counsel had a brief conference in chambers. There, the prosecutor clarified the scope of the immunity granted to Jack: “Jack is not going to be prosecuted, based on any testimony he gives, has given here, or any testimony he has given at any prior proceeding.” (Italics added.) The court denied defense counsel’s request to so advise the jury. Thereafter, defense counsel resumed his cross-examination of Jack.
At the close of Jack’s testimony, defense counsel moved to strike Jack’s testimony and he also moved for a mistrial. The trial court denied both motions. It did rule, however, that the jury should be informed of the immunity grant. Just before counsel’s closing arguments, the jury was told: “[P]rior to the completion of Armond Jack’s testimony at this trial, the district attorney gave his assurance to this court that Armond Jack would not be prosecuted for any perjury based upon any testimony given at this trial or upon any testimony given at any prior proceedings in this matter.” (Italics *105 added.) It is clear from this italicized language and the italicized portion of the prosecutor’s in-chambers statement mentioned in the preceding paragraph that the immunity was not limited to perjurious testimony Jack had given in a previous proceeding but extended to any perjury committed in the course of his testimony in this case, thus licensing perjury. This violated Penal Code section 1324, which, as the majority acknowledges, “permits grants of immunity to secure testimony, but withholds immunity from prosecution for perjury committed in giving that testimony” (maj. opn., ante, at p. 81).
As to the majority’s assertion that defense counsel should have objected in the trial court (maj. opn., ante, at p. 80), in my view—notwithstanding the majority’s insistence to the contrary—he in effect did so when, at the close of Jack’s testimony, he unsuccessfully moved to strike Jack’s testimony and moved for a mistrial. Moreover, it is not at all clear from pertinent case law that it is incumbent upon a defendant to object at trial to the scope of immunity granted a prosecution witness.
In any event, although I conclude that the immunity granted to Jack impermissibly extended to perjury while giving testimony in this case, I agree with the majority that defendant has not shown prejudice. I therefore concur in the majority’s opinion affirming defendant’s judgment of death.
Appellants’ petition for a rehearing was denied February 23, 2000.